UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CATHERINE M. DICKS,

       Plaintiff,

v.                                     Case No.  3:15-cv-934-J-MCR

CAROLYN W. COLVIN, Commissioner of
the Social Security Administration,

       Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for a period of disability and Disability Insurance Benefits.  Plaintiff alleges she became disabled on November 11, 2009.  (Tr. 297.)  Plaintiff's claim was denied initially and on reconsideration.  (Tr. 115-17, 119-20.)  After a hearing (Tr. 40-65), the assigned Administrative Law Judge ("ALJ") found that Plaintiff was not disabled.  (Tr. 94-103.)  Plaintiff requested review of the ALJ's decision.  (Tr. 177-78.)  The Appeals Council remanded the case to the ALJ for further proceedings.  (Tr. 109-10.)  The ALJ held another hearing on September 4, 2013, at which Plaintiff was represented by an attorney. (Tr. 66-88.)  The ALJ found Plaintiff not disabled from November 11, 2009, the alleged onset date, through December 31, 2010, the date last insured.  (Tr.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Doc. 12.)

21-34.)

In reaching the decision, the ALJ found that Plaintiff had severe impairments, including disorders of the spine, Budd-Chiari syndrome, and history of Meniere's disease.  (Tr. 23.)  The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform light work with limitations.  (Tr. 25.)

Plaintiff is appealing the Commissioner's decision that she was not disabled from November 11, 2009 through December 31, 2013.  Plaintiff has exhausted her available administrative remedies and the case is properly before the Court.  The undersigned has reviewed the record, the briefs, and the applicable law.  For the reasons stated herein, the Commissioner's decision is **REVERSED and REMANDED.**

## I.    Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary

result as finder of fact, and even if the reviewer finds that the evidence

preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937

F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th

Cir. 1991). The district court must view the evidence as a whole, taking into

account evidence favorable as well as unfavorable to the decision. *Foote v.

Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d

835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to

determine the reasonableness of the Commissioner's factual findings).

## II.   Discussion

Plaintiff raises three general issues on appeal. Plaintiff argues that the ALJ

failed to articulate good cause for discounting the opinions of Plaintiff's treating

physician, Robert Valentine, Jr., M.D. Plaintiff also argues that the ALJ erred in

failing to properly consider the opinions of examining physician, Lily Rocha, M.D.

Finally, Plaintiff contends that the ALJ failed to articulate good cause for

discounting the opinions of Plaintiff's treating physician, Michele St. Martin, M.D.

Defendant responds the ALJ's evaluation of the medical opinions of record is

clearly articulated and supported by substantial evidence.

### A.   Standard for Evaluating Opinion Evidence

The ALJ is required to consider all the evidence in the record when making

a disability determination. See 20 C.F.R. § 404.1520(a)(3). With regard to

medical opinion evidence, "the ALJ must state with particularity the weight given

3

to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Substantial weight must be given to a treating physician's opinion unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

"'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on: (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the medical evidence supporting the opinion, (4) consistency of the medical opinion with the record as a whole, (5) specialization in the medical issues at issue, and (6) any other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(2)-(6).

Although a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion, see *Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984) (per curiam); 20 C.F.R. § 404.1527(c)(2), "[t]he opinions of state agency physicians" can outweigh the contrary opinion of a treating physician if "that opinion has been properly discounted." *Cooper v. Astrue*, 2008 WL 649244 at *3 (M.D. Fla. Mar. 10, 2008). Further, "the ALJ may reject any medical opinion

4

if the evidence supports a contrary finding." *Wainwright v. Comm'r of Soc. Sec. Admin.*, Case No.: 06-15638, 2007 WL 708971 at *2 (11th Cir. Mar. 9, 2007) (per curiam); *see also Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam) (same).

"The ALJ is required to consider the opinions of non-examining state agency medical and psychological consultants because they 'are highly qualified physicians and psychologists, who are also experts in Social Security disability evaluation.'" *Milner v. Barnhart*, 275 F. App'x 947, 948 (11th Cir. May 2, 2008) (per curiam); s*ee also* SSR 96-6p (stating that the ALJ must treat the findings of State agency medical consultants as expert opinion evidence of non-examining sources). While the ALJ is not bound by the findings of non-examining physicians, the ALJ may not ignore these opinions and must explain the weight given to them in his decision. SSR 96-6p.

### B.    The ALJ's Decision

The ALJ found that Plaintiff had severe impairments, including disorders of the spine, Budd-Chiari syndrome, and history of Meniere's disease. However, the ALJ found that "[t]hrough the date last insured (12/31/2010) the claimant did not have any impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1536)." (Tr. 25.)

The ALJ then made the following RFC determination:

> [Plaintiff] had the [RFC] to perform light work as defined in 20 CFR 404.1567(b) except with no more than occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; no climbing of ladders, ropes, or scaffolds; no concentrated exposure to hazards (machinery, heights, etc.); avoid even moderate exposure to noise and vibrations; no more than simple, routine, repetitive tasks due to pain; and needs to change positions between sitting/standing at will.

(*Id.*)

In making this finding, the ALJ gave "no significant weight" to Dr. Valentine's treating opinions regarding Plaintiff's spine limitations.  (Tr. 19.)  The ALJ stated:

> I have considered the opinion of Dr. Valentine and give it no significant weight.  I note that Dr. Valentine has a treatment history with the claimant; however, his opinion is not supported by his own treatment records, which show pain resolved with epidural steroid injections.  Furthermore, in May of 2009, the claimant did not consider herself disabled due to pain.  I note that post DLI treatment records document continued complaints of pain; however, clinical findings were normal, including normal strength and straight leg test.  The mere existence of some pain, even chronically, does not require a finding that the claimant cannot work and the fact that working may cause pain and discomfort does not mandate a finding of disability.  While the claimant's complaints of pain have some basis in objective findings, the evidence fails to establish that the level of pain precludes all levels of functioning.

(Tr. 31) (internal citations omitted.)  The ALJ also gave the opinions of Dr. Rocha "some weight" and explained as follows:

> I have considered the opinion of Dr. Rocha and give it some weight.  I note that Dr. Rocha's opinion is fairly consistent with the assessed/established RFC and is supported by mostly

> normal clinical findings; however, this examination was
> performed and the opinion was given after the claimant's date
> last insured . . . Furthermore, I give no significant weight to the
> examination or opinion performed in August of 2013, which is
> 2 years, 8 months after the claimant's date last insured (DLI).
> It is also emphasized that the claimant underwent the
> examinations that formed the basis of the opinions in question
> not in an attempt to seek treatment for symptoms, but rather,
> through attorney referral and in connection with an effort to
> generate evidence for the current appeal.  Further, the doctor
> was presumably paid for the report.  Although such evidence
> is certainly legitimate and deserves due consideration, the
> context in which it was produced cannot be entirely ignored.

(*Ia*) (internal citations omitted.)  Finally, the ALJ gave the opinions of Dr. St.

Martin "no weight based on res judicata."  (*Ia.*)

## C.    Analysis

Plaintiff's first argument is that the ALJ failed to articulate sufficient good

cause to discount the opinions of Dr. Valentine.  The undersigned agrees.

Dr. Valentine completed a detailed, handwritten RFC Questionnaire on

August 12, 2011.  (Tr. 581-85.)  In the report, Dr. Valentine diagnosed Plaintiff

with low back pain, muscle spasms, Chiari malformation, disc displacement in her

lumbar spine, and lumbar radiculitis, causing low back pain radiating to Plaintiff's

right leg, as well as neck and shoulder pain.  (Tr. 581.)  Dr. Valentine cited

objective findings for the diagnoses, including limited range of lumbar motion,

variable spasms, L3-4 annular fissure, and L5-S1 disc herniation.  (*Ia.*)  Dr.

Valentine opined that the pain Plaintiff experiences would frequently be severe

enough to interfere with her attention and concentration needed to perform even

simple tasks.  (Tr. 582.)  He further opined that Plaintiff could only sit for thirty minutes before needing to stand up and could only stand for thirty minutes before needing to sit down or walk around.  (*Id.*)  Dr. Valentine opined that Plaintiff could only stand/walk for about two hours in an eight hour workday.  (Tr. 583.)  Ultimately, Dr. Valentine assigned lifting and neck limitations, stated that Plaintiff's impairments would produce good and bad days, and opined that she would likely be absent from work approximately four (4) days per month as a result of her impairments.  (Tr. 583-84.)  Dr. Valentine stated that the limitations applied as of November 2009.  (Tr. 585.)  On August 23, 2013, Dr. Valentine prepared a follow-up report on Plaintiff's limitations.  He stated that the "limitations are unchanged as of 4/9/2012," and affirmed that the limitations applied as of November 2009.  (Tr. 603.)

The undersigned agrees with Plaintiff that the ALJ failed to sufficiently articulate good cause for rejecting the opinions of Dr. Valentine.  First, the ALJ stated that Dr. Valentine's opinions were inconsistent with his treating notes because they show that "pain resolved with epidural steroid injections."  (Tr. 31.)

When viewed in context, however, the treatment notes do not show that Plaintiff's pain "resolved" with ESI.  In fact, the most recent ESI, performed in December 2010 via the caudal approach, apparently failed to resolve Plaintiff's pain.  (Tr. 570.)  Dr. Valentine also specifically noted that Plaintiff's pain returned after the transforaminal ESI conducted on May 14, 2009.  (Tr. 574-75 ("[Plaintiff]

8

reports several weeks of excellent relief from her previous L5 transforaminal injection, *but the pain ret'a.*" (emphasis added).)  Dr. Valentine reported Plaintiff's pre-injection pain at 5/10 and post-injection pain at 7/10 during a transforaminal ESI conducted on January 21, 2010.  (Tr. 573.)  Notably, Dr. Valentine continued to treat Plaintiff for continued pain through April 2012, reflecting multiple ineffective treatment sources, and frequently adjusting medications.  (*See* Tr. 562, 564, 567, 569, 570, 595, 597, 599, 601 (noting "Failed analgesics, anti-inflammatory, physical therapy, exercise, 12/10 caudal ESI, salsalate," and change of various medications due to ineffectiveness).)  It appears the ALJ found an "inconsistency" between Dr. Valentine's opinions and his treatment records by "cherry-picking" an out of context statement that "pain resolved" from Dr. Valentine's progress notes.  (*See, e.g.*, Tr. 562.)  However, it is clear than an "ALJ is obligated to consider all relevant medical evidence and may not cherry-pick facts to support a finding of non-disability while ignoring evidence that points to a disability finding."[2]  *Goble v. Astrue*, 385 F. App'x 588, 593 (7th Cir. 2010) (citing *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009)).

---

[2] It is also noteworthy that the ALJ did not discuss Dr. Scott's treatment of Plaintiff in conjunction with Dr. Valentine.  Dr. Scott examined Plaintiff in August 2009 and, like Dr. Valentine, noted that Plaintiff's "first lumbar ESI did give her three weeks of relief, however, the second injection did not give her any relief."  Dr. Scott then referred Plaintiff to physical therapy and stated that "if [Plaintiff] does not improve she will return to see [him] and discuss further surgical options."  (Tr. 456.)  On October 19, 2009, Dr. Scott examined Plaintiff and noted that she "finds the massage to be helpful but the other modalities have not improved her symptoms."  (Tr. 455.)

The ALJ also discredited Dr. Valentine's opinions because "in May of 2009, [Plaintiff] did not consider herself disabled due to pain." (Tr. 31.) The ALJ references the "History" section of a printed treatment note from May 14, 2009, whereupon the word "No" is listed next to the question "Considers self disabled by pain?" (Tr. 576.) The ALJ's reasoning in this regard is insufficient.

First, it is unclear how Plaintiff's own view of her disability status in May of 2009 is inconsistent with Dr. Valentine's opinions that applied as of *November* of 2009. Similarly, Plaintiff's statement regarding her disability status was made prior to her alleged onset date of November 11, 2009. Second, without further information, it is impossible to determine whether Plaintiff understood and utilized the same definition of disability contemplated by Dr. Valentine and the Social Security Administration. Accordingly, Plaintiff's statement regarding her disability status in May of 2009 does not constitute good cause for discounting Dr. Valentine's opinions.

In light of this conclusion and the possible change in the RFC assessment, the Court also finds it unnecessary to address whether the ALJ erred in analyzing the opinions of Drs. Rocha and St. Martin. *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam); *Freese v. Astrue*, 2008 WL 1777722, at *3 (M.D. Fla. Apr. 18, 2008); *see also Demenech v. Sec'y of the Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam). The ALJ will nevertheless be directed to re-consider the opinions of Drs. Rocha

10

and St. Martin on remand.

Accordingly, it is **ORDERED**:

1.      The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDED** with instructions to the ALJ to: (a) reconsider the opinions of Drs. Valentine, Rocha, and St. Martin, explain what weight they are being accorded, and the reasons therefor; (b) reconsider the RFC assessment, if necessary, and (c) conduct any further proceedings deemed appropriate.

2.      The Clerk of Court is directed to enter judgment consistent with this Order and close the file.

3.      Plaintiff's counsel is advised that, in the event benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application shall be filed within the parameters set forth by the Order entered in Case No.: 6:12-124-Orl-22 (*In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)).*  This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** at Jacksonville, Florida, on September 16, 2016.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

11